UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KENNETH AKINS and
BONNIE MORRIS AKINS

Plaintiff,

v.

SETERUS, INC., and BANK OF
AMERICA, N.A.,

Defendants.

No. 2:16-cv-01656-TLN-KJN

**ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court pursuant to Defendant Seterus, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 30.) Plaintiffs Kenneth and Bonnie Akins ('Plaintiffs") oppose Defendant's motion. (ECF No. 31.) Defendant filed a Reply. (ECF No. 32.) Having carefully considered the briefing filed by both parties, the Court hereby GRANTS in part and DENIES in part Defendant's Motion to Dismiss.

///

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following allegations are taken from Plaintiffs' Second Amended Complaint ("SAC"). (ECF No. 29.) In September 2007, Plaintiffs obtained a mortgage to purchase their home in Elk Grove, California. (*See* ECF No. 29 ¶ 19.) In June 2009, Plaintiffs refinanced their mortgage with Sierra Pacific Mortgage Company, Inc. (ECF No. 29 ¶ 20.) The promissory note ("Note") detailed the terms of Plaintiffs' refinanced mortgage, including the interest rate for monthly payments, late fees, and other related terms. (ECF No. 31 at 28–29.)

Generally, Plaintiffs state their monthly payments were between $2600 and $3000 a month. (ECF No. 29 ¶ 21.) On September 16, 2013, Plaintiffs made a mortgage payment in the amount of $5,646.63 to Bank of America, N.A. ("BANA"). (*See* ECF No. 29 ¶ 22.) Plaintiffs did not specify that any of the $5,646.63 payment in excess of their September payment due was to be applied as principle, and their September 2013 payment due was $2,764.94. (*See* ECF No. 29 ¶¶ 23, 29.) Plaintiffs believed that the additional monies would go toward their October mortgage payment. (*See* ECF No. 29 ¶ 23.) BANA, however, allocated the first half of the payment to the balance due for September 2013 and allocated the rest to the total balance of principal owed. (*See* ECF No. 29 ¶ 29.) Section 4 of the Note on Plaintiffs' mortgage includes terms on how prepayments are to be applied. (ECF No. 29 ¶ 20; *See also* ECF No. 30 at 21.) Plaintiffs argue that Section 4 requires that their monthly payments be applied to their mortgage payments unless otherwise directed. (*See* ECF No. 29 ¶¶ 20, 23, 29.) Because of the way BANA allocated the funds, the October 2013 payment was never processed. (*See* ECF No. 29 ¶¶ 23, 25, 29.) Thus, Plaintiffs' loan was labeled as overdue when Plaintiffs did not make any additional payments for October 2013. (*See* ECF No. 29 ¶¶ 27–29, 31.)

BANA transferred Plaintiffs' loan to Defendant on December 1, 2013. (ECF No. 29 ¶ 24.) In January 2014, Plaintiffs began paying Defendant as their new loan servicer. (ECF No. 29 ¶ 26.) Defendant began charging Plaintiffs late fees and other charges due to BANA's allocation of money for October. (ECF No. 29 ¶¶ 27–29.) Defendant informed Plaintiffs they were behind on their mortgage payments. (*See* ECF No. 29 ¶ 28.) Plaintiffs inquired as to how they were behind on their payments. (ECF No. 29 ¶ 28.) In response, Defendant sent a letter on June 16,

2014, explaining that the loan was considered delinquent and Defendant was applying Plaintiffs' more recent payments to what Defendant considered to be prior outstanding payments. (ECF No. 29 ¶¶ 28- 29.)

On June 23, 2015, Defendant sent Plaintiffs another letter explaining that the latter half of the September payment had been applied to the balance of principle due and not to the October monthly payment. (*See* ECF No. 29 ¶ 29.) Plaintiffs maintain that Defendant failed to review the terms of Section 4 to ensure that their payments were properly applied. (*See* ECF No. 29 ¶ 30.) Plaintiffs also maintain that Defendant did not make any effort to remedy the misapplied payment to help bring the account current. (ECF No. 29 ¶ 30.)

Plaintiffs allege that in the Fall of 2015, Defendant stopped taking Plaintiffs' mortgage checks and did not credit payments to their account. (ECF No. 29 ¶ 32.) Plaintiffs also maintain that Defendant reported Plaintiffs to credit reporting agencies which damaged their credit rating. (ECF No. 29 ¶ 33.) Because Defendant had reported late and missing payments, including payments they refused to accept, Plaintiffs' credit scores dropped significantly. (*See* ECF No. 29 ¶ 35.) Plaintiffs were denied a car loan entirely when they attempted to purchase a new vehicle; Plaintiffs allege they were forced to instead select a used car on a loan with an interest rate significantly above market. (*See* ECF No. 29 ¶ 36.)

Plaintiffs filed suit against Defendant on July 15, 2016, and filed the instant SAC on January 5, 2018. (ECF Nos. 1, 29.) Plaintiffs seek damages, attorneys' fees, and injunctive relief preventing Defendant from selling or otherwise transferring title to Plaintiffs' home. (*See* ECF No. 29 at 10–11.)

**II.    REQUEST FOR JUDICIAL NOTICE**

In conjunction with Defendant's motion to dismiss, Defendant requests that the Court take judicial notice of the following: (1) Plaintiffs' Deed of Trust; (2) the Corporation Assignment of the Deed of Trust; (3) the Substitution of Trustee; (4) a Notice of Default and Election to Sell under Deed of Trust; (5) a Notice of Utility Lien, and (6) an Order Granting in Part Defendant's Motion to Dismiss. (*See* ECF No. 30-1 at 2–3.) The first five of these documents were publicly recorded in the Official Records of Sacramento County. (*See* ECF No. 30-1 at 2–3.) The sixth

document, the Order Granting in Part Defendant's Motion to Dismiss, was issued by this Court. (ECF No. 30-1 at 3.)

A court shall take judicial notice if requested by a party and supplied with the necessary information. *See* Fed. R. Evid. 201(c). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Five of the documents Defendant requests be judicially noticed are capable of accurate and ready determination because the documents have been filed in the Official Records of Sacramento County; the sixth document, the Order Granting in Part Defendant's Motion to Dismiss, is capable of accurate and ready determination because it was issued by this Court. *See, e.g.*, *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (judicially noticing certain documents contained in the public records of the Santa Clara County Recorder). Accordingly, Defendant's requests for judicial notice are GRANTED.

### III. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege

"'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

## IV.   ANALYSIS

Plaintiffs' SAC sets out three claims: (1) breach of contract; (2) negligence; and (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* (ECF No. 29.) Defendant moves to dismiss each claim, as discussed below. (ECF No. 30.)

### A. Breach of Contract (Count I)

Plaintiffs allege in their SAC that Defendant breached the terms of Plaintiffs' Note by aiding and abetting the misallocation of mortgage payments. (*See* ECF No. 29 at 2-3.) Defendant argues that Plaintiffs' claim fails because: (1) Defendant was not a party to the loan agreement at the time of breach; (2) Defendant cannot be liable under a successor liability theory; (3) BANA properly applied Plaintiff's excess payment; and (4) Plaintiffs have not suffered any harm since they would have defaulted on their monthly obligations anyway, given that the amount submitted for October was less than required.[1] (*See* ECF No. 30 at 10–13.) In opposition, Plaintiffs argue they have suffered financial harm due to Defendant's breach. (ECF No. 31 at 12.) Plaintiffs also argue that a "plain language" reading of Plaintiffs' Note demonstrates that the payment terms of the note constrained both parties, and any ambiguity in those terms must be resolved in favor of Plaintiffs. (*See* ECF No. 31 at 8–10.)

A claim for breach of contract must contain allegations satisfying the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach. *First Comm. Mort. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

///

---

[1] As discussed below, Plaintiffs have failed to properly plead an agency relationship exists between BANA and Defendant. Therefore, whether BANA breached the Terms of the Note and whether the Plaintiffs suffered any harm is irrelevant. Accordingly, the Court declines to address the merits of Defendant's third and fourth arguments.

6

*i.   Whether Defendant was a party to the contract at the time of the alleged breach.*

Defendant argues that if any breach occurred, it was by BANA, not Defendant. (ECF No. 30 at 10.) Defendant also argues no agency relationship existed between Defendant and BANA which would extend liability to Defendant for BANA's actions, and thus, Defendant was not a party to the contract. (*See* ECF No. 30 at 10-11.) Plaintiffs allege that the existence of an agency relationship is a question of fact decided at a later stage. (ECF No. 31 at 7.)

Courts have held that, under California law, an agency relationship establishes liability for one party for the acts of another. *See Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 480 (9th Cir. 1991); *E. & J. Gallo Winery v. EnCana Energy Servs., Inc.*, No. CV F 03-5412 AWI LJO, 2008 WL 2220396, at \*6 (E.D. Cal. May 27, 2008). An agency relationship can be created by agreement between one party ("the principal") and another party ("the agent"), or it can be founded on "ostensible authority." Cal. Civ. Code §§ 2298–2300; *see Deutsch v. Masonic Home of Cal., Inc.*, 164 Cal. App. 4th 748, 781 (2008). Under California law, an agency is ostensible when a principal causes a third party to believe they employ another party as the principal's agent; however, the principal does not actually employ the purported agent. *See Van Maanen v. Youth With A Mission-Bishop*, 852 F. Supp. 2d 1232, 1250 (E.D. Cal. 2012) (citing Cal. Civ. Code § 2300).

The essential characteristics of an agency relationship are: (1) that the agent or apparent agent holds power to alter legal relations between the principal and third persons and between the principal and himself; (2) that the agent is a fiduciary with respect to matters within the scope of the agency; and (3) that the principal has the right to control the conduct of the agent with respect to matters entrusted to him. *See Garlock Sealing Tech. LLC v. NAK Sealing Tech., Corp.,* 148 Cal. App. 4th 937, 964 (2007). To sufficiently plead the existence of an agency relationship, a plaintiff must allege facts demonstrating the principal's control over its agent. *See Mazal Group, LLC v. Espana*, 2:17-cv-05856-RSWL-KS, 2017 WL 6001721, at \*3 (C.D. Cal. Dec. 4, 2017).

This Court previously acknowledged that the existence of an agency relationship is a question of fact. (ECF No. 28 at 9.) However, the Court can nonetheless decide whether the allegations in the complaint are sufficient to plead an agency relationship without making the

ultimate factual determination of whether the agency relationship actually exists. Moreover, a court may make a legal determination about the existence of an agency relationship when the evidence conclusively shows an agency relationship either exists or not. *See Olney v. Job.com, Inc.*, No. 1:12-CV-01724-LJO, 2014 WL 1747674, at *9 (E.D. Cal. May 1, 2014) (citing *Pistone v. Superior Court*, 228 Cal. App. 3d 672, 679 (Ct. App. 1991) ("The existence or absence of agency ordinarily poses a question of fact. Unless the evidence permits only one inference, the question is one for the trier of fact."); *Markow v. Rosner*, 3 Cal. App. 5th 1027, 1039 (Ct. App. 2016) ("Although the existence of an agency relationship is usually a question of fact, it 'becomes a question of law when the facts can be viewed in only one way.'").

Here, Plaintiffs' pleadings do not establish an express or implied connection between BANA and Defendant beyond Defendant's purchase of Plaintiffs' loan in December 2013 from BANA. (*See* ECF No. 29 at 3–6.) Additionally, Plaintiffs have not pleaded *any* facts demonstrating the essential elements of an agency relationship as discussed in *Garlock*, 148 Cal. App. 4th at 965. (*See* ECF No. 29.) Plaintiffs allege they were informed about the existence of an agency relationship between BANA and Defendant; however, Plaintiffs offer no factual assertions to support that claim. (ECF No. 29 at 3.) Therefore, Plaintiffs fail to plead facts allowing for an inference an agency relationship existed between BANA and Defendant. Thus, Plaintiffs have not sufficiently alleged that Defendant was a party to the contract.

      *ii.*    *Whether Defendant is liable under a successor of liability theory*

Defendant indicates Plaintiffs are attempting to impose liability on Defendant under a "successor liability" theory. (ECF No. 30 at 11.) Plaintiffs do not address "successor liability" in their pleadings, but the Court will nevertheless address it here.

Generally, when a corporation purchases the assets of another company it avoids the purchased company's debts and liabilities. *Schwartz v. Pillsbury., Inc.*, 969 F.2d 840, 845 (9th Cir. 1992); *Ray v. Alad Corp.*, 19 Cal.3d 22, 28 (1977). However, there are four exceptions to this general rule in which a successor may be held liable: (1) if there is an express or implied agreement to assume the debts and/or liabilities of the purchased company; (2) if the transaction amounts to a consolidation or merger of the two corporations; (3) if the purchasing corporation is

a mere continuation of the seller; or (4) if the transfer of the assets to the purchaser is for the fraudulent purpose of escaping liability from the seller's debts. *See Schwartz*, 969 F.2d 840, 845.

Plaintiff has not alleged facts supporting a theory of successor liability on any of the four grounds described above. Regarding the first exception, Plaintiffs have not pleaded any facts indicating an agreement between Defendant and BANA which would have Defendant assume BANA's liabilities. As to the second exception, Plaintiffs have not pleaded any facts indicating a merger between Defendant and BANA has occurred; rather, the facts indicate Defendant only purchased Plaintiffs' loan from BANA. (ECF No. 29 at 3–6.) Regarding the third exception, Plaintiffs have not alleged that Defendant is a continuation of BANA. Indeed, nothing indicates that Defendant shares common officers with BANA or that Defendant purchased BANA for a questionable sum of money. *See Katzir's Floor and Home Design, Inc.*, v. *M-MLS.com*, 394 F.3d 1143, 1150 (9th Cir. 2004); *KNT, Inc. v. United States*, No. 18-cv-00882-SK, 2019 WL 1473458, at *10–11 (N.D. Cal. February 15, 2019) (finding no successor liability based on common officers or insufficient consideration). As to the fourth exception, Plaintiffs have not alleged BANA sought to avoid debts by transferring Plaintiffs' loan to Defendant.

Accordingly, Plaintiffs have not pleaded facts to establish that Defendant was a party to the contract, nor have Plaintiffs pleaded facts to establish successor liability. Therefore, Plaintiffs' breach of contract claim must be DISMISSED with leave to amend.

### B. Negligence (Count II)

Defendant argues that BANA is the only entity responsible for Plaintiffs' harm, and that Defendant owed no duty of care to Plaintiffs. (ECF No. 30 at 14.) Plaintiff, however, has adequately pleaded that Defendant, in particular, caused them harm through Defendant's negligent handling of Plaintiffs' loan and payments. More specifically, Plaintiffs allege that Defendant continued to misapply their payments, improperly charged late fees, and eventually rejected their payments altogether.

As for Defendant's argument regarding a lack of duty, Plaintiffs argue that Defendant owed a duty of care based on the test discussed in *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958). (ECF No. 31 at 13.) Previously, the Court analyzed the six factors in *Biakanja* to determine

whether Defendant owed a duty of care to Plaintiffs: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff; (3) the degree of certainty that the plaintiff suffered the injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; (6) and the policy of preventing future harm. (ECF No. 28 at 11–13). Defendant responds that *Biakanja* is inapplicable because the parties are in privity. (ECF No. 30 at 15-16.)

Defendant's argument is not persuasive. The Court previously held that *Biakanja*'s six-factor test likely showed Defendant owed a duty of care to Plaintiffs. (ECF No. 28 at 13.) Plaintiff has not alleged any new facts and neither party has alleged new persuasive arguments that would alter this determination. Defendant does not challenge the Court's reasoning regarding each *Biakanja* factor. Rather, Defendant challenges the entire application of *Biakanja* to the present case. (*See* ECF No. 30 at 14.)

Defendant argues that *Biakanja* only applies to situations where parties are not in privity of contract. (ECF No. 30 at 10–11.) But this argument contradicts established precedent. Courts within this district have found that the *Biakanja* factors can be applied when parties are in privity. *See Glenn K. Jackson Inc. v. Roe,* 273 F.3d 1192, 1197 (9th Cir. 2001) (citing several cases applying the *Biakanja* factors, including cases where parties were in privity of a contract.); *see also Meixner v. Wells Fargo Bank, N.A.*, 101 F. Supp. 3d 939, 955 (E.D. Cal. 2015) (applying the *Biakanja* factors even when parties are in privity).

Plaintiff has sufficiently pleaded that Defendant owed Plaintiffs a duty of care, and Defendant's argument that the *Biakanja* factors are inapplicable is unavailing. Accordingly, Defendant's motion to dismiss the second claim is DENIED.

### C. Unfair Business Practices (Count III)

Plaintiffs assert that Defendant violated Business and Professions Code § 17200 by engaging in unlawful, unfair, and/or fraudulent business practices. (ECF No. 29 at 9–10.) Defendant maintains that Plaintiffs' § 17200 claim fails because Plaintiffs' predicate negligence and breach of contract claims also fail. (ECF No. 30 at 16.) Plaintiffs argue that because they have adequately pleaded their preceding causes of action, the § 17200 cause of action also

endures. (ECF No. 31 at 14.)

This Court determined above that Plaintiffs adequately pleaded their negligence claim; therefore, Plaintiffs' section 17200 claim is adequately pleaded as well. (*See* ECF No. 28 at 14.) Therefore, Defendant's motion to dismiss this cause of action is DENIED.

V. **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Defendant's requests for judicial notice are GRANTED.
2. Defendant's motion to dismiss the first claim is GRANTED with leave to amend;
3. Defendant's motion to dismiss the second claim is DENIED;
4. Defendant's motion to dismiss the third claim is DENIED;
5. Plaintiffs are granted thirty (30) days from the date of this Order to file a Third Amended Complaint. Defendant is afforded twenty-one (21) days from the date Plaintiffs file an amended complaint to answer or otherwise respond to the complaint.

IT IS SO ORDERED.

Dated: September 5, 2019

Troy L. Nunley
United States District Judge